**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

NOV 20 2017

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| TIFARAH C. McDANIEL, | No. 16-56560 |
| Plaintiff-Appellant, | D.C. No. 2:12-cv-01112-MWF-PLA |
| v. | |
| JIM MATTIS, Secretary, Department of Defense, Agency (DFAS), | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Central District of California
Michael W. Fitzgerald, District Judge, Presiding

Submitted November 15, 2017**

Before:   CANBY, TROTT, and GRABER, Circuit Judges.

Tifarah C. McDaniel appeals pro se from the district court's summary

judgment in her action alleging federal claims in connection with her employment.

We have jurisdiction under 28 U.S.C. § 1291.  We review de novo.  *Vasquez v.*

*County of Los Angeles*, 349 F.3d 634, 639 (9th Cir. 2004).  We may affirm on any

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

basis supported by the record, *Gordon v. Virtumundo, Inc.*, 575 F.3d 1040, 1047 (9th Cir. 2009), and we affirm.

The district court properly granted summary judgment on McDaniel's race discrimination claim because McDaniel failed to raise a genuine dispute of material fact as to whether she was performing according to her employer's expectations and that similarly situated employees outside her protected class were treated more favorably, or whether her employer's legitimate, non-discriminatory reasons for terminating her employment were pretextual. *See Vasquez*, 349 F.3d at 640-41 (setting forth prima facie case of discrimination and burden shifting requirements under Title VII).

To the extent McDaniel alleged a hostile work environment claim, summary judgment was proper because McDaniel failed to raise a genuine dispute of material fact as to whether she was subjected to conduct that was severe or pervasive enough to alter the conditions of her employment. *See id.* at 642 (to demonstrate a hostile work environment, plaintiff must establish that the conduct was sufficiently severe or pervasive to alter the conditions of employment and create an abusive work environment).

The district court properly granted summary judgment on McDaniel's

16-56560

disability discrimination claim because McDaniel failed to raise a genuine dispute of material fact as to whether she had a disability as defined by the Rehabilitation Act. *See Walton v. U.S. Marshals Serv.*, 492 F.3d 998, 1005 (9th Cir. 2007) (a disability discrimination claim requires that a plaintiff demonstrate that she "is a person with a disability"; an individual who has "a physical or mental impairment that substantially limits one or more of the [individual's] major life activities" qualifies as disabled).

We do not consider documents and facts not presented to the district court. *See United States v. Elias*, 921 F.2d 870, 874 (9th Cir. 1990) ("Documents or facts not presented to the district court are not part of the record on appeal.").

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**